### RUDD v. MAGEE et al.

(Supreme Court, Appellate Division, Second Department. May 29, 1900.)

Novation—Validity—Corporations—Contract with Director.

  Plaintiff's assignor and others entered into an agreement with defendant's testator whereby the latter agreed to take up certain bonds of a corporation held by plaintiff's assignor and his associates, and issue to them therefor the bonds of a new company to be formed by defendant's testator and the associates of plaintiff's assignor. On the formation of the corporation, defendant's testator and plaintiff's assignor's associates were made directors, and voted that the corporation should assume the obligations of the contract between plaintiff's assignor and his associates and defendant's testator. Thereafter plaintiff's assignor and his associates treated the new company as substituted for defendant's testator, and for a valuable consideration ratified and acknowledged the substitution. *Held* that, though the action of the corporation in assuming the obligations of the contract between plaintiff's assignor and defendant's testator was voidable for the reason that the directors were interested therein and contracted with themselves, the plaintiff's assignor, being a stockholder in the new corporation, and having assented to the acts of its board of directors, and having treated the new company as a substituted party, cannot thereafter

recover on the contract from defendant's testator's estate, since the corporation is the only party which can question the validity of the novation.

Appeal from judgment on·report of referee.

Action for damages for breach of a sealed contract by Robert C. Rudd, as assignor of John E. Gowen, against John Magee and others, as executors of the last will of George J. Magee, impleaded with Edgar Munson and another. From a judgment in favor of plaintiff entered on report of referee, defendants appeal. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and JENKS, JJ.

Frank Hiscock (A. H. Harris, on the brief), for appellants.
Benjamin F. Blair (C. La Rue Munson, on the brief), for respondent.

GOODRICH, P. J. The plaintiff brought this action to recover damages for the breach of a sealed contract dated August 13, 1875, made between Gowen, Munson, and Case, as parties of the first part, and the defendant's testator, George J. Magee, as party of the second part. Gowen died intestate in May, 1896, and his administrator and other parties interested assigned to the plaintiff all claims arising out of the contract which they had against Magee. The latter died in 1897, leaving a will, in which he named as his executors the four principal defendants. The other two defendants are Munson and Case, who refused to join as plaintiffs. The action was referred to Hon. John C. Churchill, who reported in favor of the plaintiff for the damages claimed, and a judgment has been entered for $134,436.83, from which the executors appeal.

The contract in question, and others connected with it, have been the subject of much litigation. One of the actions (Munson v. Railroad Co., 103 N. Y. 58, 8 N. E. 355) was brought to enforce the specific performance of a subsequent contract made between Magee and the railroad company, by which it was claimed that the company had assumed and was bound to carry out the contract above referred to. The court refused to enforce specific performance for reasons unnecessary to state. Another action (Munson v. Magee, 161 N. Y. 182, 55 N. E. 916) was brought by Munson to recover damages for the breach of the sealed contract in failing to deliver the bonds hereafter referred to. The opinions of the court of appeals in these two actions state the facts so fully as to render repetition useless. The questions involved in the present action are whether the facts constituted a novation of the original contract, whether the novation was known and assented to and adopted by Gowen, and whether the railroad, as a new party, was substituted in the place of Magee so as to discharge him from further obligation to Gowen. Briefly, it may be said that the sealed contract contained a covenant on the part of Magee to take up certain bonds of the Sodus Bay & Corning Railroad Company, held by Munson, Case, and Gowen, at 50 cents on the dollar, to be paid in the bonds of another railroad which Magee and Munson agreed to incorporate. Such new railroad company was thereafter incorporated under the name of the Syracuse, Geneva & Corning Railroad Company, and the bonds

above referred to were issued.  The articles of association were executed on August 25, 1875, and among the signatories thereof were Gowen, Munson, and Magee, all of whom were named as subscribers to the stock; the latter two being nominated as directors.  On August 31st the company passed a resolution by which it assumed and agreed to carry out the obligations of Magee for the exchange of the bonds under the contract of August 13th, although not as to certain other matters not relevant here; and Magee at the same time transferred to the company his interest in that contract.  On September 14th, Munson, Case, and Gowen executed an agreement with the new company transferring to it all right under the contract of August 13th, which was annexed thereto, and substituting the company in the place of Magee.  This agreement contains the following:  "(The Syracuse, Geneva and Corning Railway Company taking the place of and now being the party of the second part);" that is, Magee.  The referee, in his opinion, says that the words in parentheses were not matter of contract, but of explanatory recital, and that they stated what was understood by the parties thereto to be a fact, viz. that to the extent of its assumption the company had taken the place of Magee, and that Magee to that extent was released from the contract.  But he found as matter of fact that Munson, Case, and Gowen, for a valuable consideration, and in writing, acknowledged and ratified the aforesaid substitution of the railroad company for Magee.

In Munson v. Magee, supra, the court said (page 193, 161 N. Y., and page 918, 55 N. E.):

"We shall assume, for the purpose of this case, but without so deciding, that the contract of August 13th was a valid and binding contract upon the parties thereto.  So treating it, we think the finding of fact alluded to disposes of the question under consideration.  It was the intention to create a novation in the substitution of the new company for Magee, and the parties supposed they had carried out such intention, and, acting upon that intention and supposition, Munson, Case, and Gowen accepted the railroad company as the substitute for Magee in the contract, and did not thereafter claim that he was liable to them upon the contract until the court of appeals rendered its decision in the case, to which we have already alluded.  There was an intended novation, a substitution of parties, and an acceptance of such substitution by the plaintiff.  The limitation that attached to the finding, 'until the court of appeals decided otherwise,' does not alter or affect the understanding of the parties as it theretofore existed.  We have already referred to that decision, and pointed out just what was held.  The facts were all well understood by the parties, and there was no supposition based upon any mistake of fact.  If mistake there was, it was based upon a misunderstanding of the law, and not of the facts."

We have been much assisted in the examination of the voluminous record on this appeal by the elaborate briefs and arguments for both parties, but we find nothing in the brief of the respondent to differentiate the transactions which constitute the novation of the contract of August 13th from the facts set out in the opinion in Munson v. Magee, which necessarily controls our decision.

The referee found as matter of fact:

"That from and after the execution of said assignment by said George J. Magee of the contract of August 13, 1875, to said Syracuse, Geneva & Corning Railroad Company, said Munson, Case, and Gowen, and those claiming under or through each and all of them, including the plaintiff's assignors, accepted

the Syracuse, Geneva & Corning Railroad Company as a substitute for and in place of George J. Magee in the contract of August 13, 1875, believing said substitution valid and binding on said company."

In his opinion he says:

"This was sufficient to establish a novation by the substitution of the railroad company for Magee as the debtor to Munson, Case, and Gowan, and to release Magee to the extent of that assumption, if the assumption was valid."

The referee also says, referring, doubtless, to Munson v. Railroad Co., supra, that the court of appeals had settled the law that the action of Munson and Magee as directors of the railroad company made the assumption voidable at the election of the company, and that the company had made its election when it refused to accept the tender of Munson, and deliver its bonds as required by the agreement of August 13th.

Since the decision of Munson v. Railroad Co., supra, and since the report of the referee in this action, on June 1, 1899, the court of appeals, at the January term, 1900, in Munson v. Magee, supra, said (pages 193, 194, 161 N. Y., and page 919, 55 N. E.):

"This court did not hold the contract of assumption as embraced in the company's resolution of August 31st to be void. It could not well have done so, at least as to Magee. There is no claim or pretense that he treated the company unfairly, that he made a farthing out of the transaction, or that he failed to disclose any of the facts. As a part of the transaction, and as a consideration for the assumption, Magee agreed to and has procured for the company valuable tonnage contracts, which it has had the benefit of, and it would be exceedingly unjust to permit the company to retain the benefits of these contracts, and at the same time claim that its obligations to him under the assumption contract are void. What the court did hold was that the contract of September 14th was voidable, and that a court of equity would not open its doors to Munson to compel a specific performance of that contract, for the reason that Munson, as president of the company, had undertaken to contract with himself as an individual. It is not clear to our minds that the resolution of August 31st is void or voidable by reason of any act of Munson. It is true he voted for the resolution; but had he any interest in the matter? His contract was with Magee, and there is no claim or pretension that Magee was insolvent, or that he was not possessed of sufficient means to fulfill all his obligations under the contract. The contract of assumption, as embraced in the resolution, was between Magee and the corporation. It could not and did not affect the interest of Munson until he saw fit to accept the liability of the corporation in place of Magee, and this he was not required to do by the resolution. But, assume that Munson's interest was such as to disqualify him as a voter, and that the resolution is voidable in consequence of his vote. If so, it is only voidable at the election of the corporation. It is valid as to Magee, and also as to Munson. Neither of them can avail themselves of their own misconduct in voting for the resolution to give either a right of action as against the other. The corporation has not, in terms, elected to avoid the contract embraced in the resolution. It did, however, elect to avoid the contract of September 14, 1875. Whether it would have elected to avoid the contract embraced in the resolution, or could have done so in case the contract of September 14th had not been made, it is not necessary to now determine further than we have already indicated. It is sufficient, for the purpose of this case, to state that the rights of Magee remain unaffected, and the contract of assumption remains in full force and effect. It was such as the new corporation had the right to make, as has been clearly shown by Judge Andrews in the opinion alluded to; and under the finding of the trial court the plaintiff accepted the railroad company as party of the second part in the agreement of August 13th, thus making a complete and valid novation as to the parties to this action."

There can be no question—certainly we have no doubt—that the decision of the referee would have been in accordance with this opinion if it had been announced before his decision. It is conclusive upon us.

The only question remaining for consideration by us is whether Gowen stands on any different plane from Munson. The only difference which we see is that Munson was a director in the railway company, and voted for the resolution. Gowen was not a director, but he was an incorporator and stockholder; and the referee has found that "Gowen, in all matters affecting the contract of August 13, 1875, and the contract of assumption from the commencement until the completion of the road by Magee and after, represented himself" and others; and "that at the time when Magee assigned the contract of August 13, 1875, to the Syracuse, Geneva & Corning Railroad and said company accepted said assignment he stated he was relieved from that contract, and released thereupon, * * * and this was assented to by the directors of the railroad company and said Gowen." It follows that, as Gowen assented to and participated in transactions which the court of appeals has declared to constitute a novation of the contract, he was bound thereby. The judgment should be reversed.

Judgment reversed, and a new trial granted before a new referee to be appointed at special term; costs to abide the event. All concur.